# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MURRAY, III,<br><br>             Plaintiff,<br>v.<br><br>J P MORGAN CHASE BANK, INC.,<br><br>             Defendant. | Case No. 11cv2693 BTM(BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant J.P. Morgan Mortgage Acquisition Corp. (erroneously sued as "J P Morgan Chase Bank, Inc.") ("Defendant") has filed a motion to dismiss Plaintiff's Complaint. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. FACTUAL BACKGROUND

On or about June 11, 2007, Plaintiff Edward Murray, III, borrowed $446,650.00 from First Franklin Financial Corp. The promissory note was secured by a Deed of Trust on the property located at 3671 Birdie Drive, La Mesa, CA 91941 (the "Property"). (Def. RJN Ex. A.) The Deed of Trust identifies the lender as First Franklin Financial Corp.

On May 24, 2011, J.P. Morgan Mortgage Acquisition Corp purchased the Property at a foreclosure sale. (Def. RJN Ex. B.)

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S,Ct. 1937, 1950 (2009) (internal quotation marks omitted).

## III. DISCUSSION

Defendant moves to dismiss the Complaint for failure to state a claim. For the reasons discussed below, the Court grants Defendant's motion.

In his Complaint, Plaintiff generally alleges that Defendant has violated the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2607, et seq. Plaintiff also generally alleges that Defendant committed intentional infliction of emotional distress, defamation, and fraud.[1]

However, Plaintiff does not include any facts in support of his claims. For the most

---

[1] Simultaneous with the filing of the Complaint, Plaintiff filed a Notice of Removal, removing an unlawful detainer action filed by Defendant in state court. The Complaint asks the Court to remove the state court action, incorporate it into this action, and enjoin any eviction. However, in an order filed on December 8, 2011, the Court remanded the eviction action, explaining that it lacked removal jurisdiction over it. (11cv2719 BTM(BLM) - Doc. No. 5.) Plaintiff removed the state court action again on January 9, 2012. Again, the action was remanded for lack of subject matter jurisdiction. (12cv59 H(WVG) - Doc. No. 9.)

part, his Complaint is composed of cut-and-pasted text that sets forth the statutes and describes RESPA requirements. There are no facts establishing that Defendant violated any of Plaintiff's rights or that the lender and/or trustee, who are not named as defendants, engaged in wrongdoing that warrants setting aside the foreclosure sale.

Because Plaintiff has failed to allege facts establishing a plausible claim against Defendant, Defendant's motion to dismiss is **GRANTED**.

### IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED**. The Court grants Plaintiff leave to file an amended complaint within 20 days of this Order. Failure to do so will result in the closing of this case.

**IT IS SO ORDERED.**

DATED: April 11, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court